IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>APRIL ELIZABETH BERGMAN,<br><br>Defendant. | Case No. 3:23-cr-172<br><br>**PLEA AGREEMENT** |

Pursuant to Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, the United States of America, by its attorneys, Mac Schneider, United States Attorney for the District of North Dakota, and Richard M. Lee, Assistant United States Attorney; Defendant, APRIL ELIZABETH BERGMAN; and Defendant's counsel, Scott P. Brand, agree to the following:

1. Defendant acknowledges the Indictment charges violations of Title 18, United States Code, Sections 922(g)(1), 924(a)(8), 933(a)(2) and 2.

2. Defendant has read the Charges and Defendant's attorney has fully explained the Charges to Defendant.

3. Defendant fully understands the nature and elements of the charged crimes.

4. Defendant will voluntarily plead guilty to Counts Two and Four of the Indictment.

5. The parties agree this Plea Agreement shall be filed as part of the Court record and be governed by Federal Rule of Criminal Procedure 11(c). The parties specifically agree that Rule 11(c)(1)(C) does not apply. If the United States makes the

non-binding recommendations specified in this Plea Agreement, then Defendant acknowledges that this agreement will have been fulfilled. Except as provided in Rule 11(c)(5), the Court's refusal to accept any or all terms of the Plea Agreement does not give Defendant a right to withdraw Defendant's guilty plea.

6. Defendant will plead guilty because Defendant is in fact guilty of the Charges. In pleading guilty to Counts Two and Four, Defendant acknowledges that:

COUNT TWO:

From on or about July 1, 2023, to July 17, 2023, in the District of North Dakota, APRIL ELIZABETH BERGMAN, knowing that she had been convicted of a crime punishable by imprisonment for a term exceeding one year, that is:

1. Theft of Property, a Class B Felony, in violation of N.D.C.C. § 12.1-23-02, in District Court, County of Stutsman, State of North Dakota, case number: 47-2021-cr-00054, with judgment dated on or about April 21, 2021;

2. Theft of Property, a Class B Felony, in violation of N.D.C.C. § 12.1-23-02, in District Court, County of Stutsman, State of North Dakota, case number: 47-2020-cr-00663, with judgment dated on or about April 21, 2021;

3. Theft of Property, a Class C Felony, in violation of N.D.C.C. § 12.1-23-02, in District Court, County of Stutsman, State of North Dakota, case number: 47-2020-cr-00655, with judgment dated on or about April 21, 2021;

4. Criminal Trespass, a Class C Felony, in violation of N.D.C.C. § 12.1-22-03, in District Court, County of Stutsman, State of North Dakota, case number: 47-2020-cr-00651, with judgment dated on or about April 21, 2021;

5. Unlawful Entry into a Vehicle – Commit Crime, a Class C Felony, in violation of N.D.C.C. § 12.1-22-04(1)(b), in District Court, County of Stutsman, State of North Dakota, case number: 47-2020-cr-00460, with judgment dated on or about October 7, 2020;

6. Unauthorized Use of a Vehicle, a Class C Felony, in violation of N.D.C.C. § 12.1-23-06, and Possession of a Controlled Substance, a Class C Felony, in violation of N.D.C.C. § 19-03.1-23, and Possession of Drug Paraphernalia, a Class C Felony, in violation of N.D.C.C. § 19-03.4-03, in District Court, County of Stutsman, State of North Dakota, case number: 47-2018-cr-00765, with judgment dated on or about January 23, 2019;

7. Possession of a Controlled Substance with Intent to Deliver, a Class B Felony, in violation of N.D.C.C. § 19-03.1-23(1), Possession of Drug Paraphernalia, a Class C Felony, in violation of N.D.C.C. § 19-03.4-03, Possession of Drug Paraphernalia, a Class C Felony, in violation of N.D.C.C. § 19-03.4-03, and Possession of a Controlled Substance, a Class C Felony, in violation of N.D.C.C. § 19-03.1-23, in District Court, County of Stutsman, State of North Dakota, case number: 47-2018-cr-00161, with judgment dated on or about April 25, 2018;

8. Criminal Mischief – Willful – Damage – Intentional more than $10,000, a Class B Felony, in violation of N.D.C.C. § 12.1-21-05(1)(b), in District Court, County of Cass, State of North Dakota, case number: 09-2017-cr-04949, with judgment dated on or about June 28, 2018;

8. Criminal Trespass, a Class C Felony, in violation of N.D.C.C. § 12.1-22-03(1), in District Court, County of Stutsman, State of North Dakota, case number: 47-2013-cr-00656, with judgment dated on or about June 20, 2014;

9. Contact by Bodily Fluid or Excrement, a Class C Felony, in violation of N.D.C.C. § 12.1-17-11(1)(a), in District Court, County of Stutsman, State of North Dakota, case number: 47-2014-cr-00215, with judgment dated on or about June 20, 2014;

10. Abuse or Neglect of a Child, a Class C Felony, in violation of NDCC § 14-09-22(1)(a), in District Court, County of Stutsman, State of North Dakota, case number: 47-07-k-445, with judgment dated on or about July 2, 2009;

11. Simple Assault, a Class C Felony, in violation of N.D.C.C. § 12.1-17-01(1)(a), in District Court, County of Stutsman, State of

North Dakota, case number: 47-07-k-446, with judgment dated on or about April 18, 2008; and

12. Criminal Conspiracy, a Class C Felony, in violation of N.D.C.C. § 12.1-06-04(1), in District Court, County of Stutsman, State of North Dakota, case number: 47-08-k-59 with judgment dated on or about April 18, 2008;

did knowingly possess firearms, to-wit:

1. a Sig Sauer, Model P365, 9mm caliber pistol, with Serial Number 66B284561;

2. a Beretta, Model PX4 Storm, .40 caliber pistol, with Serial Number PY131999; and

3. a Smith and Wesson, Model M&P 40 Shield, .40 caliber pistol, with Serial Number HPB0170;

said firearms having been shipped and transported in interstate and foreign commerce.

COUNT FOUR:

From on or about June 25, 2023, to July 9, 2023, in the District of North Dakota, APRIL ELIZABETH BERGMAN, did receive from another person, in and otherwise affecting interstate and foreign commerce, a firearm, to wit:

1. a Sig Sauer, Model P365, 9mm caliber pistol, with Serial Number 66B284561;

2. a Beretta, Model PX4 Storm, .40 caliber pistol, with Serial Number PY131999; and

3. a Smith and Wesson, Model M&P 40 Shield, .40 caliber pistol, with Serial Number HPB0170;

knowing and having reasonable cause to believe that such receipt would constitute a felony;

Specifically, APRIL ELIZABETH BERGMAN, received the above-described firearms from another whereby APRIL ELIZABETH BERGMAN traded Methamphetamine with another in exchange for receiving the above-

described firearms.  The above-described firearms were stolen firearms at the time of APRIL ELIZABETH BERGMAN's possession as the firearms were stolen from Orr Auctioneers in Jamestown North Dakota in June of 2023.

7.     Defendant understands the following maximum penalties apply:

### Count Two

| | |
|---|---|
| Imprisonment: | 15 years |
| Fine: | $250,000 |
| Supervised Release: | 3 years |
| Special Assessment: | $100 |

### Count Four

| | |
|---|---|
| Imprisonment: | 15 years |
| Fine: | $250,000 |
| Supervised Release: | 3 years |
| Special Assessment: | $100 |

Defendant agrees to pay the Clerk of United States District Court the special assessment on or before the day of sentencing.

8.     Defendant understands that by pleading guilty Defendant surrenders rights, including:

(a)     The right to a speedy public jury trial and related rights as follow:

(i)     A jury would be composed of twelve (12) lay persons selected at random. Defendant and Defendant's attorney would help choose the jurors by removing prospective jurors "for cause," where actual bias or other disqualification is shown; or by removing jurors without cause by exercising so-called peremptory challenges. The jury would have to agree unanimously before it could return a verdict. The jury would be instructed

that Defendant is presumed innocent and that it could not return a guilty verdict unless it found Defendant guilty beyond a reasonable doubt.

(ii) If a trial were held without a jury, then the Judge would find the facts and determine whether Defendant was guilty beyond a reasonable doubt.

(iii) At a trial, whether by a jury or Judge, the United States is required to present witness testimony and other evidence against Defendant. Defendant's attorney can confront and examine them. In turn, the defense can present witness testimony and other evidence. If witnesses for Defendant refuse to appear voluntarily, Defendant can require their attendance through the subpoena power of the Court.

(iv) At trial, Defendant has a privilege against self-incrimination; thus, Defendant can decline to testify. No inference of guilt can be drawn from Defendant's refusal to testify. Defendant can choose to testify but cannot be required to testify.

(b) Defendant has a right to remain silent. However, under terms of the Plea Agreement, the Judge will likely ask Defendant questions about Defendant's criminal conduct to ensure that there is a factual basis for Defendant's plea.

9. Defendant understands that by pleading guilty Defendant is giving up all of the rights set forth in the prior paragraph, and there will be no trial. Defendant's attorney has explained those rights, and consequences of Defendant's waiver.

10. The Court shall impose a sentence sufficient to comply with purposes set forth in the Sentencing Reform Act. In doing so, the Court shall consider factors set forth in 18 U.S.C. § 3553(a) and must consult and consider the United States' Sentencing Commission, Guidelines Manual, (Nov. 2021) (USSG). Defendant understands that the United States Attorney's Office will fully apprise the District Court and the United States Probation and Pretrial Services Office of the nature, scope, and extent of Defendant's conduct, including all matters in aggravation and mitigation relevant to the issue of sentencing. The United States expressly reserves the right to appeal from an unreasonable sentence.

11. This Plea Agreement is binding only upon the United States Attorney for the District of North Dakota. It does not bind any United States Attorney outside the District of North Dakota, nor does it bind any state or local prosecutor. They remain free to prosecute Defendant for any offenses under their jurisdiction. This Plea Agreement also does not bar or compromise any civil or administrative claim.

12. Defendant understands the United States Attorney reserves the right to notify any local, state, or federal agency by whom Defendant is licensed, or with whom Defendant does business, of Defendant's conviction.

13. The parties agree that the base offense level under the Sentencing Guidelines for Defendant's conduct is 20. (USSG § 2K2.1(a)(4)).

14. The parties agree that the following upward adjustments are applicable in this case:

- +2; 3-7 firearms. (USSG § 2K2.1(b)(1)(A)).

- +2; Stolen firearms. (USSG § 2K2.1(b)(4)(A)).

- +2; Convicted under § 933(a)(2). (USSG § 2K2.1(b)(5)(A)).

- +4; used firearm in connection with another felony. (USSG § 2K2.1(b)(6)(B)).

15. The parties agree that the following downward adjustments are applicable in this case: The parties do not anticipate downward adjustments except as otherwise noted in paragraph 16.

16. At sentencing, United States agrees to recommend a 2-level downward adjustment for acceptance of responsibility, provided Defendant has demonstrated a genuine acceptance of responsibility. (USSG § 3E1.1(a)). The United States further agrees to move for an additional 1-level downward adjustment for timely notifying the United States of Defendant's intention to enter a guilty plea, thus permitting the Court and the United States to allocate their resources efficiently. (USSG § 3E1.1(b)).

17. Neither the Court nor the Probation Office is a party to the Plea Agreement. Neither the Court nor the Probation Office is bound by the Plea Agreement as to determining the Sentencing Guideline range. The Court may depart from the applicable guidelines range if the Court, on the record, states factors not contemplated by the Sentencing Guidelines' Commission to justify the departure. Both parties reserve the right to object to any departure. See USSG § 1B1.1, comment. (n.1) (defines "departure"). There may be other adjustments the parties have not agreed upon.

18. At sentencing, the United States will:

    (a)    Recommend a sentence at the low end of the applicable Guideline range;

19. Defendant acknowledges and understands that if Defendant violates any term of this Plea Agreement, engages in any further criminal activity, or fails to appear for sentencing, the United States will be released from its commitments. In that event, this Plea Agreement shall become null and void at the discretion of the United States, and Defendant will face the following consequences: (1) all testimony and other information Defendant has provided at any time to attorneys, employees, or law enforcement officers of the government, to the Court, or to the Federal Grand Jury, may be used against Defendant in any prosecution or proceeding; and (2) the United States will be entitled to reinstate previously dismissed charges and/or pursue additional charges against Defendant and to use any information obtained directly or indirectly from Defendant in those additional prosecutions. Nothing in this agreement prevents the United States from prosecuting Defendant for perjury, false statement(s), or false declaration(s), if Defendant commits such acts in connection with this agreement or otherwise.

20. Defendant acknowledges the provisions of Title 18, United States Code, Sections 2259 and 3663A, which require the Court to order restitution. Defendant agrees to pay restitution as may be ordered by the Court. Defendant acknowledges and agrees that the Court will order Defendant to make restitution for all loss caused by Defendant's conduct, regardless of whether counts of the Indictment will be dismissed as part of this Plea Agreement. Defendant further agrees to grant the United States a wage assignment, liquidate assets, or complete any other tasks the Court finds reasonable and appropriate for the prompt payment of any restitution or fine ordered by the Court.

21.     The United States will file a Supplement in this case, as is routinely done in every case, even though there may or may not be any additional terms. Defendant and Defendant's attorney acknowledge that no threats, promises, or representations exist beyond the terms of this Plea Agreement.

22.     **Defendant's Waiver of Appeal**. Defendant acknowledges having been advised by counsel of Defendant's rights to appeal the conviction or sentence in this case, including the appeal right conferred by 18 U.S.C. § 3742, and to challenge the conviction or sentence collaterally through post-conviction proceedings, including proceedings under 28 U.S.C. § 2255. Defendant understands these rights, and in exchange for the concessions made by the United States in this plea agreement, Defendant hereby knowingly and voluntarily waives these rights, except as specifically reserved herein. Defendant's waiver of these rights includes, but is not limited to, a waiver of all rights to appeal or to collaterally attack:  Defendant's conviction or sentence; all non-jurisdictional issues; any assessment, restitution or forfeiture order; the constitutionality of the applicable guidelines; and the constitutionality of the statute(s) to which Defendant is pleading guilty or under which Defendant is sentenced, or to argue that the admitted conduct does not fall within the scope of the statute(s). Defendant reserves the right to appeal a sentence of imprisonment imposed above the upper end of the applicable guidelines range and the right to appeal or to collaterally attack the conviction or sentence based on a claim of ineffective assistance of counsel that challenges the validity of the guilty plea or this waiver.

23. By signing this Plea Agreement, Defendant further specifically waives Defendant's right to seek to withdraw Defendant's plea of guilty, pursuant to Federal Rules of Criminal Procedure 11(d), once the plea has been entered in accordance with this agreement. The appellate court will enforce such waivers. Defendant agrees that any attempt to withdraw Defendant's plea will be denied and any appeal of such denial should be dismissed.

24. Defendant understands that by pleading guilty he will be convicted, and that any individual convicted who is not a United States citizen may be removed from the United States, denied citizenship, and denied admission to the United States in the future. Defendant's attorney has explained this consequence of his guilty plea.

25. The Assistant United States Attorney and attorney for Defendant agree to abide by the provisions of Rule 32(f) of the Federal Rules of Criminal Procedure. The attorneys acknowledge their obligation to use good-faith efforts to resolve any disputes regarding the Presentence Investigation Report (PSIR) through a presentence conference or other informal procedures.

26. Defendant acknowledges reading and understanding all provisions of the Plea Agreement. Defendant and Defendant's attorney have discussed the case and reviewed the Plea Agreement. They have discussed Defendant's constitutional and other rights, including, but not limited to, Defendant's plea-statement rights under Rule 410 of the Federal Rules of Evidence and Rule 11(f) of the Federal Rules of Criminal Procedure.

AGREED:

MAC SCHNEIDER
United States Attorney

Dated: 02/05/2024

By: RICHARD M. LEE
Assistant United States Attorney

Dated: 1-26-2024

APRIL ELIZABETH BERGMAN
Defendant

Dated: 1-26-2024

SCOTT P. BRAND
Attorney for Defendant

12