# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NORTH DAKOTA
# EASTERN DIVISION

| | |
|---|---|
| United States of America,<br><br>    Plaintiff,<br><br>vs.<br><br>Kory David Johnson,<br><br>    Defendant, | Case No.: 3:23-cr-00172<br><br>**DEFENDANT KORY JOHNSON'S SENTENCING MEMORANDUM** |

## ATTORNEYS OF RECORD

**Defense Counsel**
Trent N. Barkus
Attorney at Law
3431 4th Avenue S., Suite 201
Fargo, ND 58103
Tele: (701) 532-2495
eservice@barkuslawfirm.com
trent@barkuslawfirm.com

**Assistant U.S. Attorney**
Richard M. Lee
Assistant United States Attorney
District of North Dakota
655 First Ave. N., Ste. 250
Fargo, ND 58102
Tele: (701) 297-7400
Richard.lee3@usdoj.gov

## RULE 32(F) COMPLIANCE

Pursuant to Rule 32(f) of the Federal Rules of Criminal Procedure, Attorney Trent N. Barkus consulted with the Defendant, Kory David Johnson (herein after referred to as "Kory"), regarding the Presentence Investigation Report (PSI) and AUSA Richard M. Lee, and U.S. Probation Officer, Heather Achtenberg-Heck.

1

## PROCEDURAL HISTORY

Defendant, Kory David Johnson. is the subject of an Indictment that charged Kory with Possession Of Firearms By A Prohibited Person, in violation of Title 18, United States Code § 922(g)(1), and 924(a)(8), Firearms Trafficking, in violation of Title 18, United States Code § 933(a)(1) and 2, and Possession of Stolen Firearms, in violation of Title 18, United States Code § 922(j) and 924(a)(2). [Docket No. 2]. Attorney Trent N. Barkus was appointed to represent Kory in this matter on September 20, 2023. [Docket No. 13]. The United States and Kory entered into a written Plea Agreement and Plea Agreement Supplement, and they were filed on April 15, 2024. [Docket Nos. 46 and 47]. Kory entered his plea of guilty to Counts 2 and 3 of the Indictment in front of this Court on April 22, 204. [Docket No. 46]. Kory has been re-scheduled to be sentenced on September 16, 2024 [Docket No. 52].

## GUIDELINE RANGE CALCULATION

Following <u>United States v. Booker</u>, 543, U.S. 220 (2005) the Guidelines are advisory, not mandatory.  A sentence below the Guideline range does not require extraordinary circumstances or the use of rigid mathematical formulae. <u>Id.</u> at 47.  The Court should consider all the 18 U.S.C. Section 3553(a) factors to determine whether they support the sentence requested by a party, without presuming the guideline range is reasonable.  <u>Id.</u> at 49-50.  In considering those factors, "the Court 'shall impose a sentence sufficient, but not greater than necessary' to comply with sentencing goals, considering the nature and seriousness of the offense, the history and characteristics of the defendant, and the need for

the sentence to provide justice, deterrence, and other goals of punishment." United States v. Pappas, 452 F.3d 767, 773 (8th Cir. 2006).

According to United States v. Francis, 462 F.3d 810 (8th Cir. 2006), courts in the Eighth Circuit Court of Appeals follow a three-step process when imposing a sentence. First, the court determines a proper sentencing guidelines range. Second, the court determines whether a departure is warranted under the guidelines. Third, the court looks to 18 U.S.C. § 3553(a) to determine if a variance is warranted.

When conducting this sentencing process, the court should be guided by the Supreme Court's holding in Rita v. United States, 551 U.S. 338 (2007). In Rita, the Supreme Court held that a sentencing court is to apply a sentence that is "sufficient, but not greater than necessary" to meet the sentencing goals laid out in § 3553(a). Id. Under Rita, the sentencing court may impose a sentence lower than the guidelines contemplate because the case does not fall within the "heartland" of cases to which the guidelines intended to apply, because the recommended sentence under the guidelines does not meet the goals of § 3553(a), or because the case warrants a lower sentence regardless of the guidelines. Id. Thus, a sentencing court is free to impose a sentence lower than the guidelines recommend to meet the goals of sentencing contemplated by § 3553(a) (stating factors such as age, education, mental condition, drug or alcohol addiction can now be considered by the sentencing court).

"A post-Booker sentence normally should be determined in a sequential manner, with the district court first determining the applicable guideline range, then determining whether any traditional guideline departures are warranted, and finally considering the

3

possibility of varying from the guideline sentence based on the factors in § 3553(a). United States v. Coyle, 506 F.3d 680, 683 (8th Cir. 2007). The sequential ordering process was developed to maintain distinction between sentencing "departures" and "variances." Id. After reviewing the sentencing factors in 18 U.S.C. § 3553(a), the court may then consider a variance pursuant to 3553(a) factors.

In determining an appropriate sentence, the court, in this case, must consider (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed; (3) the kinds of sentences available; (4) the kinds of sentence and sentencing range established for – the applicable category of offense committed by the applicable category of defendant; and (5) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct. 18 U.S.C. § 3553(a). In reviewing these factors, the court must impose a sentence sufficient but not greater than necessary to comply with the purposes of sentencing. Id. In this case, Kory respectfully requests departure be granted after the application of the 3553(a) factors.

## CREDIT FOR TIME SERVED
## 18 UNITED STATES CODE § 3585(a)

Pursuant to 18 U.S.C. § 3585(a), a sentence to a term of imprisonment commences the date a defendant is received into custody. Thus, pursuant to 18 U.S.C. § 3585(a), it is respectfully requested that Kory receive credit for the time he has already served. Kory was arrested on September 15, 2023. Kory has been in federal custody since his arrest as detailed in the Presentence Investigation. That is 366 days on the day of sentencing.

Dated: September 9, 2024.

                      Respectfully submitted,

                      BARKUS LAW FIRM, P.C.

                      */s/ Trent N. Barkus*
                      Trent N. Barkus, ND ID#09088
                      3431 4th Avenue South, Suite 201
                      Fargo, North Dakota 58103
                      Tele: (701) 532-2498
                      Fax: (701) 298-9363
                      E-Service: eservice@barkuslawfirm.com
                      Email: trent@barkuslawfirm.com
                      ATTORNEY FOR DEFENDANT